IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL WALLS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-1733 |
| | : | |
| OFFICER LEE, | : | |
|     Defendant. | : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                                                **JULY 16, 2021**

Paul Walls filed this *pro se* civil action using a preprinted form for use by non-prisoners filing a claim pursuant to 42 U.S.C. § 1983. Named as Defendant is Officer Lee, identified as a Philadelphia police officer. Lee is named in his official capacity only. Walls also seeks to proceed *in forma pauperis*. For the reason that follow, the application to proceed *in forma pauperis* will be granted and the Complaint will be dismissed without prejudice.

**I.    FACTUAL ALLEGATIONS**

Walls's allegations are brief. He asserts that on June 19, 2019, Officer Lee, while on patrol in uniform, "confronted" Walls at 20th and Cumberland Streets in Philadelphia as Walls was engaged in a conversation with his landlord. (ECF No. 1 at 4.)[1] He alleges Lee exited his vehicle and "stood there for about 3 min and out of no where grab my arms behind my back and cuff me I ask him why he is doing this and he told me to shut up and be still." (*Id.*) Walls was allegedly hospitalized for two days "as a result of my false arrest" due to high blood pressure. (*Id.* at 5.) Walls seeks money damages and to "take this Officer Lee off of the streets dealing with the plublic [sic]." (*Id.*)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court grants Walls leave to proceed *in forma pauperis* since he appears unable to pay the filing fee for this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Walls is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Since Walls filed this action using a form for § 1983 non-prisoner claims, the Court will interpret his Complaint as raising constitutional claims. Section 1983, the vehicle by which federal constitutional claims may be brought in federal court, provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Walls asserts claims against Officer Lee in Lee's official capacity as a Philadelphia police officer. Claims against City officials named in their official capacity are indistinguishable from claims against the City itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Local governments can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell*, 436 U.S. at 665-83. This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original). Because there is no *respondeat superior* for municipal liability under § 1983, meaning that the City is not liable solely based on Lee's conduct, Wall's official capacity claim cannot proceed on this basis.

Rather, to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895

3

F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the Defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

> As the United States Court of Appeals recently stated,
>
> If the alleged policy or custom at issue is a failure to train or supervise . . . the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339,357 (3d Cir. 1999)). "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely . . . result in the violation of constitutional rights" — i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020).

Walls makes no allegation that he suffered a constitutional injury due to a policy or custom of the City of Philadelphia. He also makes no allegations that the incident he describes was due to a failure of the City to properly train or supervise Officer Lee. Accordingly, his official capacity claim is not plausible and must be dismissed. However, because Walls may have merely checked the "official capacity" box on the form complaint without understanding the nature of his act, and the Court cannot say at this time that Walls can never assert plausible claims against Officer Lee either in his official or individual capacities, the dismissal will be without prejudice. Walls will be given an opportunity to file an amended complaint if he is able to cure the defects in his official capacity claim or to assert his false arrest claim against Officer Lee in his individual capacity.[2]

An appropriate Order follows giving Walls additional instructions should he decide to amend his false arrest claim.

**BY THE COURT:**

/s/ John Milton Younge
**JUDGE JOHN MILTON YOUNGE**

---

[2] "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre,* 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan,* 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir. 1988) ). Should Walls opt to file an amended complaint, he is encouraged to provide as much information and detail about the incident so that he can establish that his claims are plausible.